JLJ Prods., LLC v Amazon.com Servs., LLC (2025 NY Slip Op 03530)

JLJ Prods., LLC v Amazon.com Servs., LLC

2025 NY Slip Op 03530

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Index No. 650943/23|Appeal No. 4556|Case No. 2025-00217|

[*1]JLJ Productions, LLC, Plaintiff-Appellant,
v
Amazon.com Services, LLC, Defendant-Respondent.

Cinque & Cinque, P.C., New York (James P. Cinque of counsel), for appellant.
Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 13, 2024, which granted defendant's motion to dismiss the complaint without prejudice to plaintiff commencing an action in the proper forum, unanimously affirmed, without costs.
Plaintiff commenced this action sounding in breach of contract and fraud. Supreme Court properly dismissed plaintiff's complaint pursuant to CPLR 3211(a)(1), based on documentary evidence. The parties' relationship is governed by the Main Services Agreement (MSA), which specifically and unambiguously provided that "any dispute arising under, in connection with, or incident to this Agreement or about its interpretation will be resolved exclusively in the state and federal courts located in King County, Washington. Supplier [here, plaintiff] irrevocably submits to those courts' venue and jurisdiction." The MSA also provided that it applied to any applicable work order, which was incorporated and made part of the MSA. The work order at issue here explicitly stated that it was "entered into and made a part of the [MSA]." Thus, this language encompasses plaintiff's claims relating to the enforcement and alleged breach of the work order and renders plaintiff bound by the venue provision in the MSA (see Avnet, Inc. v Deloitte Consulting LLP, 187 AD3d 430, 433 [1st Dept 2020]). Plaintiff's argument that it is not bound by the venue provision because defendant did not countersign the work order at issue is clearly belied by the specific language in both agreements and plaintiff's alleged performance thereunder.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025